IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

CHERYL MERRILL and )
DAVID MERRILL )
    Plaintiffs, )
) Case No. 02CV 931H (C)
vs. )
)
RALPH STANGLER and ) JURY TRIAL DEMANDED
JOSEPH GOBLET, )
    Defendants. ) ATTORNEY LIEN CLAIMED

FILED
DEC 1 2 2002
Phil Lombardi, Clerk
U.S. DISTRICT COURT

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiffs, CHERYL MERRILL and DAVID MERRILL, complain of Defendants, RALPH STANGLER and JOSEPH GOBLET, and for cause of action would show the following:

### A. Parties

1. Plaintiffs, CHERYL MERRILL and DAVID MERRILL, husband and wife, are individuals, who are citizens under the laws of the State of Texas.

2. Defendant, RALPH STANGLER, an individual, who is a citizen of the State of Iowa, may be served with process at 2005 Hunter's Ridge Drive, Mason City, Iowa 50401.

3. Defendant, JOSEPH GOBLET, an individual, who is a citizen of the State of Illinois, may be served with process at 23 North Cherry Drive, Oswego, Illinois 60543.

### B. Jurisdiction

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because the Plaintiffs and the Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

### C. Conditions Precedent

5. All conditions precedent have been performed or have occurred.

## D. Facts

6.   This lawsuit results from a collision that occurred on December 14, 2000, near mile marker 273 on the eastbound side of Interstate 44 in Mayes County, Oklahoma. Defendant JOSEPH GOBLET lost control of his vehicle pulling a 10-foot trailer which resulted in the blockage of the right driving lane of the eastbound highway. Plaintiff DAVID MERRILL was driving his vehicle reasonably and prudently in the right lane behind Defendant JOSEPH GOBLET's vehicle, and moved to the paved shoulder of the highway because of Defendant JOSEPH GOBLET's accident. Plaintiff CHERYL MERRILL was sitting in left rear seat of the vehicle with her seat belt buckled. At that time, Defendant RALPH STANGLER's vehicle suddenly and violently struck Plaintiffs' vehicle from behind. As a result of the impact, Plaintiff DAVID MERRILL suffered some personal injuries, and Plaintiff CHERYL MERRILL suffered and continues to suffer from severe multiple back and nerve injuries as a direct and proximate result of this accident.

## E. Count One - Negligence of Ralph Stangler

7.   At the time of the accident, Defendant RALPH STANGLER was operating his vehicle negligently. RALPH STANGLER had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. RALPH STANGLER breached that duty in one or more of the following ways:

1. Failing to control his vehicle;
2. Failing to timely apply his brakes;
3. Failing to maintain a proper lookout;
4. Failing to turn his vehicle in an effort to avoid the collision; and
5. Driving his vehicle at a rate of speed at which an ordinary and prudent person would not have driven under the circumstances.

### F. Count Two - Negligence of Joseph Goblet

8.  At the time of the accident, Defendant JOSEPH GOBLET was operating his vehicle negligently. JOSEPH GOBLET had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. JOSEPH GOBLET breached that duty and created unreasonable danger in one or more of the following ways:

   2. Failing to control his vehicle;

   3. Driving his vehicle at a rate of speed at which an ordinary and prudent person would not have driven under the circumstances;

   4. Failing to maintain a proper lookout; and

   5. Abruptly blocking the traveling lane on the highway.

### G. Damages

9.  As a direct and proximate result of Defendants' negligence, Plaintiff CHERYL MERRILL suffered the following injuries and damages:

   5. Physical pain and mental anguish in the past and future;

   6. Lost earnings in the past and future;

   7. Damage to earning capacity;

   8. Disfigurement in the past and future;

   9. Physical impairment in the past and future;

   10. Medical expenses in the past and future; and

   11. Loss of consortium in the past and future.

10. As a direct and proximate result of Defendants' negligence, Plaintiff DAVID MERRILL suffered the following injuries and damages:

   12. Physical pain and mental anguish in the past;

13. Loss of consortium in the past and future; and

14. Loss of household services in the past and future.

### G. Prayer

11. For these reasons, Plaintiffs seek judgment against Defendants as follows:

    1. Actual damages far in excess of this Court's minimum jurisdictional limit of $75,000.00;

    2. Pre-judgment and post-judgment interest;

    3. Costs of suit; and

    4. All other general, special, legal, and equitable relief to which Plaintiffs may prove themselves entitled.

Respectfully submitted,

**Lewis Coppedge** (TX Bar #04806500)
**Austin C. Evans** (TX Bar #24036536)
Burdett, Morgan & Thomas, L.L.P.
3423 Soncy Road, Suite 300
Amarillo, Texas 79119
Tel (806) 358-8116
Fax (806) 358-1901

and

**R. Michael Cole** (OBA #14698)
Fuller, Chlouber & Frizzell, L.L.P.
Twenty East Fifth Street, Suite 200
Tulsa, Oklahoma 74103
Tel (918) 585-9155
Fax (918) 585-9414

**ATTORNEYS FOR PLAINTIFFS
CHERYL MERRILL AND DAVID MERRILL**